H. Dickson Burton (4004)
Krista Weber Powell (8019)
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT 84110
Telephone:  (801) 532-1922

Attorneys for Plaintiff
dōTERRA Holdings, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DŌTERRA HOLDINGS, LLC**, a Utah limited liability company,<br><br>      Plaintiff,<br><br>   v.<br><br>**ROBIN PISCIOTTA**, an individual, **MIKE PISCIOTTA**, an individual, both dba ESSENTIAL OIL ADDICTION and JOHN DOES 1-10<br><br>      Defendants. | **COMPLAINT**<br><br><br>Case No. 2:17cv00606-RJS<br><br>U.S. District Court Judge Robert J. Shelby<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff dōTERRA Holdings, LLC ("dōTERRA") complains against Robin Pisciotta,

Mike Pisciotta (collectively "the Pisciottas") and John Does 1-10 (collectively "Defendants"),

and alleges as follows:

## PARTIES

1.      Plaintiff dōTERRA is a Utah limited liability company with its principal place of business at 389 South 1300 West Pleasant Grove, UT 84062.

2.      Upon information and belief, Defendant Robin Pisciotta is an individual residing at 2562 Reflections Place Melbourne, Florida 32904 (or with a principal place of business at 2263 W. New Haven Ave #160 West Melbourne, Florida 32904) and doing business as Essential Oil Addiction.

3.      Upon information and belief, Defendant Mike Pisciotta is an individual residing at 2562 Reflections Place Melbourne, Florida 32904 (or with a principal place of business at 2263 W. New Haven Ave #160 West Melbourne, Florida 32904) and doing business as Essential Oil Addiction.

4.      dōTERRA is ignorant of the true names and capacities of Defendants sued herein as John Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend the claim to allege their true name and capacities when ascertained. dōTERRA is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for occurrences herein alleged, and dōTERRA's injuries herein alleged were proximately caused by their conduct.

## JURISDICTION AND VENUE

5.      This Court has both federal question and diversity jurisdiction over this matter.

6.      This is a civil action for trademark infringement and unfair competition under the Lanham Act and Utah Code Annotated and common law trademark infringement. Accordingly,

this Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a) and 28 U.S.C. §1121.

7.       This Court also has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

8.       This Court has supplemental jurisdiction over dōTERRA's state law claims under 28 U.S.C. §1367(a) because those claims arise from the same facts alleged in dōTERRA's federal claims. This Court has personal jurisdiction over the Defendants because Defendants have continuous and systematic general business contacts with Utah. This Court has personal jurisdiction over Defendants pursuant to U.C.A. §78-27-24 because, upon information and belief, Defendants have purposefully directed their activities at residents of Utah and this Complaint is filed as a result of injuries to dōTERRA arising out of or related to those activities.

9.       Personal jurisdiction exists over the Pisciottas for at least the following reasons: the Pisciottas have an interactive website (essentialoiladdiction.com) that allows customers from any jurisdiction, including Utah, to order goods; the Pisciottas have systematically advertised their goods in Utah through, among other things, their interactive website and the use of other Internet based platforms, such as social media; the Pisciottas market their goods using dōTERRA's trademark and confusingly similar marks; Defendants knew dōTERRA is the owner of the DŌTERRA mark; the Pisciottas are infringing on dōTERRA's trademark that the Pisciottas knew would harm dōTERRA in this District; and the Pisciottas have continued to use the infringing mark even after receiving notice that it was infringing on a dōTERRA trademark. Further, without permission from dōTERRA, the Pisciottas list on their website and/or offer to

3

sell or sell key chains bearing the dōTERRA trademark thus, the brunt of harm suffered by dōTERRA based on the Pisciottas's continued and unlawful use of an infringing mark has been suffered by dōTERRA in this District.

10. Personal jurisdiction exists over the John Does for at least the following reasons: the John Does have an interactive website (terravioils.com) that allows customers from any jurisdiction, including Utah, to order goods; the John Does have systematically advertised their goods in Utah through, among others, their interactive website; the John Does market their goods using dōTERRA's trademark and confusingly similar marks; John Does knew dōTERRA is the owner of the DŌTERRA mark; the John Does are infringing on dōTERRA's trademark that the John Does knew would harm dōTERRA in this District; and the John Does have continued to use the infringing mark even after receiving notice that it was infringing on a dōTERRA trademark thus, the brunt of harm suffered by dōTERRA based on the John Does continued and unlawful use of an infringing mark has been suffered by dōTERRA in this District.

11. Venue is proper pursuant to 28 U.S.C. §1391 because Defendants' contacts with Utah are sufficient to create personal jurisdiction over Defendants in Utah and because a substantial part of the events giving rise to the claims in this action occurred within this District.

## FACTUAL BACKGROUND

12. dōTERRA began offering essential oils in 2008 throughout the United States. dōTERRA's products are sold through independent distributors. Currently, dōTERRA has over three million distributors worldwide.

13. dōTERRA places a high value on the quality of its essential oil products. dōTERRA partners with responsible artisans around the world to grow high quality plants.

4

Similarly, dōTERRA partners with skilled distillers and scientists to ensure its essential oils are of supreme quality.

14.     dōTERRA sells a variety of individual essential oils, essential oil blends, and essential oil related goods.

15.     dōTERRA is the owner of U.S. Trademark Registration No. 3,641,123 filed January 25, 2008 for the mark DŌTERRA for use with a variety of goods including essential oils. A copy of the DŌTERRA registration is attached hereto as Exhibit 1.

16.     The DŌTERRA trademark has achieved incontestable status pursuant to 15 U.S.C. §1065.

17.     dōTERRA has continuously used the trademark DŌTERRA in the United States in association with its goods since 2008.

18.     dōTERRA has also developed common law trademark rights in the DŌTERRA mark listed above through its continuous use of the mark.

19.     The DŌTERRA mark is prominently displayed throughout dōTERRA's website, on its goods and in advertising materials.

20.     dōTERRA has extensively used the DŌTERRA mark in the United States in connection with its goods and services. dōTERRA has made significant efforts to advertise, market and promote dōTERRA in the United States and, as a result, the mark has become well recognized by consumers as distinctive symbols of dōTERRA's goodwill.

21.     The Pisciottas operate a website www.essentialoiladdiction.com, which sells essential oils and essential oil related products under the name TERRAVI OILS.

22.     John Does operate a website www.terravioils.com which advertises essential oils under the mark TERRAVI OILS and directs consumers to the essentialoiladdiction.com website to purchase the essential oils.

23.     Upon information and belief, Defendants began offering goods on their websites in approximately 2016, which is well after dōTERRA's first use of the DŌTERRA mark.

24.     On its website and social media page, Defendants promote and sell essential oils using the name or mark TerraVi, which is confusingly similar to the DŌTERRA mark, on the Internet throughout the United States, including Utah.

25.     On its website and social media page, the Pisciottas promote and sell essential oil related products, including, but not limited, to a keychain carrier case using the DŌTERRA mark throughout the United States, including Utah. A screenshot image of Defendants' website selling this keychain carrier case is attached hereto as Exhibit 2.

26.     On April 17, 2017, dōTERRA sent a cease and desist letter to the Pisciottas notifying the Pisciottas of dōTERRA ownership of the DŌTERRA mark and that Defendants' sale of goods using the DŌTERRA mark or a confusingly similar mark infringed dōTERRA's rights in the DŌTERRA mark. A copy of the cease and desist letter is attached hereto as Exhibit 3.  No response has been received.

27.     The cease and desist letter was delivered on April 18, 2017 to Defendants at 2263 W. New Haven Ave #160 West Melbourne, Florida 32904. Since at least April 18, 2017, the Pisciottas have had knowledge of dōTERRA's use and ownership of the DŌTERRA mark. Further, dōTERRA has demanded, and the Pisciottas have failed to, cease and desist from all use of dōTERRA's mark or confusingly similar marks.

6

28.     dōTERRA has not been able to identify an individual or business associated with the terravioils.com website. The owner of the domain is protected via privacy protect. On June 6, 2017, dōTERRA sent a cease and desist letter to the John Does notifying the them of dōTERRA ownership of the DŌTERRA mark and that its sale of goods using the DŌTERRA mark or a confusingly similar mark infringed dōTERRA's rights in the DŌTERRA mark. No response has been received.

29.     Defendants' use of the DŌTERRA mark or confusingly similar marks (collectively referred to as "the Infringing Marks") to sell essential oils and essential oil related products constitutes an infringement of dōTERRA's trademarks.

30.     Defendants' use of the Infringing Marks to sell essential oils and essential oil related products is likely to cause consumer confusion and a false association between dōTERRA's essential oils and Defendants' goods falsely leading consumers to believe the products emanate from the same source.

31.     dōTERRA seeks, among other things, an injunction enjoining Defendants wrongful and unlawful use of the Infringing Marks for essential oils and seeks damages for the harm Defendants have already caused.

32.     Defendants' continuous willful, intentional, and unauthorized use of the Infringing Marks constitutes an infringement of dōTERRA' trademark rights. Defendants should not be permitted to trade off of the DŌTERRA mark, which has acquired significant goodwill and consumer recognition in the essential oil industry. Defendants' use of the mark directly and unfairly competes with dōTERRA.

7

33.     Accordingly, Defendants should be permanently enjoined from using the DŌTERRA mark, or any name confusingly similar, in connection with essential oils or related goods.  In addition, Defendants are liable for damages caused by past infringements.

## COUNT I

## TRADEMARK INFRINGEMENT - VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

34.     dōTERRA realleges and incorporates by reference paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35.     dōTERRA owns valid federal registrations for the DŌTERRA mark. dōTERRA has obtained nationwide rights in the dōTERRA trademark by virtue of its user and registration. See Exhibit 1. dōTERRA's use of the DŌTERRA mark predates any use by Defendants of the Infringing Marks.

36.     Registration of the dōTERRA trademark constitutes prima facie evidence of the validity, ownership, and right to exclusive use of the dōTERRA trademark, and provides constructive notice of ownership.

37.     Defendants' use of the DŌTERRA mark and/or Infringing Marks in connection with the sale, provision, and/or advertising essential oils and related products is confusingly similar to dōTERRA's use of its DŌTERRA mark for the same or similar goods. Defendants' use of the Infringing Marks in connection with the sale, provision and/or advertising of essential oils places these marks in the same channels of trade as the goods offered under the DŌTERRA mark and is likely to continue to cause confusion, to cause mistake, or to deceive consumers.

8

38.     Defendants' use of the Infringing Marks on essential oils is confusingly similar to the DŌTERRA mark and is likely to cause confusion as to the source of the goods. By confusing and misleading consumers as to the origin of its goods, Defendants have infringed the rights of dōTERRA.

39.     Section 32 of the Lanham Act, 115 U.S.C. §1114(1)(a), provides, in pertinent part, that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant. . . ."

40.     Defendants' use of the Infringing Marks in connection with essential oils is an infringing use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of the DŌTERRA mark. Defendants' sale, offering for sale, provision or advertising of goods under the Infringing Marks, or any marks similar thereto, causes and is likely to continue to cause confusion or mistake or to deceive the public as to the goods or sponsorship of goods offered in violation of 35 U.S.C. §1114(1).

41.     As a direct and proximate result of Defendants' infringement, dōTERRA has been and is likely to continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

42.     Upon information and belief, Defendants have acted willfully and wantonly with intent to injure dōTERRA.

9

43.     dōTERRA is being damaged by the wrongful actions of Defendants in an amount to be established at trial, and that includes all of Defendants' profits and all of dōTERRA's damages, including its lost profits. dōTERRA is also entitled to punitive damages in an amount not less than three times actual damages and its costs.

44.     dōTERRA is being irreparably injured by the unlawful acts of Defendants. dōTERRA has no adequate remedy at law. Therefore, dōTERRA is entitled to a preliminary and permanent injunction prohibiting Defendants from further use of the Infringing Marks or DŌTERRA mark or any term confusingly similar. Further, because of Defendants' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Defendants from any use of the DŌTERRA mark or a confusingly similar mark such as TERRAVI.

**COUNT II**
**FEDERAL UNFAIR COMPETITION—FALSE DESIGNATION OF ORIGIN**
**VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

45.     dōTERRA realleges and incorporates by reference paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

46.     Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), provides in pertinent part, that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . . goods [or] services . . . shall be liable in a civil action . . . ."

10

47.     The acts of Defendants in marketing, promoting, and offering essential oils and essential oil related goods on their website and the Internet using the Infringing Marks constitutes:

a)      a false designation of origin;

b)      a false and misleading description of fact; and

c)      a false and misleading representation of fact

that caused and is continuing to cause and is likely to cause and continue to cause confusion and mistake and to deceive as to the affiliation of Defendants' business with dōTERRA's established business, and to cause or likely to cause confusion and mistake and to deceive consumers into believing that dōTERRA sponsors or approves of the goods that Defendants provides, in violation of 15 U.S.C. § 1125(a).

48.     As a direct and proximate result of Defendants' unfair competition, dōTERRA has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

49.     Defendants' on-going acts of infringement in violation of 15 U.S.C. §1125(a) are malicious, fraudulent, willful, and deliberate.

50.     Defendants' on-going acts of infringement in violation of 15 U.S.C. §1125(a) have inflicted irreparable harm on dōTERRA. Therefore, dōTERRA is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further use of the Infringing Marks. Further, because of Defendants' intentional and willful conduct, dōTERRA is entitled to an

injunction preventing Defendants from any use of the DŌTERRA mark or any confusingly similar mark such as TERRAVI OILS.

51.    dōTERRA has no adequate remedy at law because the DŌTERRA mark are unique and represent to the public dōTERRA's identity, reputation, and goodwill, such that damages alone cannot fully compensate dōTERRA for Defendants' misconduct.

52.    Unless enjoined by the Court, Defendants will continue to compete unfairly with dōTERRA. The resulting irreparable injury to dōTERRA's business identities, goodwill, and reputation requires preliminary and permanent injunctive relief to prevent Defendants continued unfair competition, and to ameliorate and mitigate dōTERRA's injuries.

53.    As a result of Defendants' unfair competition, Defendants owe damages, restitution, and disgorgement of profits, in an amount unknown at this time to dōTERRA, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Defendants.

54.    This case is exceptional within the meaning of 15 U.S.C. §1117(a) and dōTERRA is entitled to recover its attorney's fees and costs.

## COUNT III

### UNFAIR COMPETITION UNDER 15 U.S.C. 1125(a)(1)

55.    dōTERRA realleges and incorporates by reference paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

56.    dōTERRA has a protectable interest in the DŌTERRA mark.

57.     The Infringing Marks used by Defendants are confusingly similar to the DŌTERRA mark.

58.     Defendants' use of the Infringing Marks in commerce is likely to cause confusion in the consuming public as to the source, origin, and/or sponsorship of the goods being sold by Defendants using the Infringing Marks.

59.     Defendants' acts cannot be fully compensated by damages and dōTERRA will suffer irreparable injury if Defendants' conduct is not enjoined. dōTERRA is, therefore, entitled to preliminary and permanent injunctive relief prohibiting Defendants from further use of the dōTERRA Marks and the Infringing Marks. Further, because of Defendants' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Defendants from any use of the DŌTERRA mark or a confusingly similar mark such as TERRAVI OILS.

60.     Defendants' actions of unfair competition, as described herein, have caused injury to dōTERRA in an amount to be proven at trial.

61.     The infringing activities of Defendants are willful and intentional, thereby justifying an aware of exemplary and/or punitive damages.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

62.     dōTERRA realleges and incorporates by reference paragraphs 1 through 61 of this Complaint, as if fully set forth herein.

63.     Beginning at least as early as 2008, dōTERRA has developed common law rights in the DŌTERRA mark for use with, at least, essential oils and related goods.

13

64.     The DŌTERRA mark is distinctive and has acquired secondary meaning.

65.     Defendants' use of the Infringing Marks infringe dōTERRA's common law trademark rights under federal common law and Utah common law and constitutes acts of unfair competition.

66.     Upon information and belief, Defendants have acted willfully and wantonly with intent to injure dōTERRA.

67.     dōTERRA is being damaged by the wrongful actions of Defendants in an amount to be established at trial, and that includes all of Defendants' profits and all of dōTERRA's lost profits. dōTERRA is also entitled to punitive damages in an amount sufficient to punish Defendants for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

68.     dōTERRA is being irreparably injured by the unlawful acts of Defendants. dōTERRA has no adequate remedy at law. Therefore, dōTERRA is entitled to an injunction prohibiting Defendants from further use of the Infringing Marks or any term confusingly similar. Further, because of Defendants' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Defendants from any use of the DŌTERRA mark or a confusingly similar mark such as TERRAVI OILS.

## COUNT V

## UTAH UNFAIR COMPETITION

69.     dōTERRA realleges and incorporates by reference paragraphs 1 through 68 of this Complaint, as if fully set forth herein.

14

70.     Defendants' use of the Infringing Marks is unauthorized and is confusingly similar to the DŌTERRA mark federally registered and owned by dōTERRA.

71.     Defendants are improperly trading on the goodwill dōTERRA has earned with the purchasing public for essential oils and essential oil related products by causing the public to be confused as to the sponsorship or affiliation of Defendants' goods.

72.     Defendants' conduct is unlawful.

73.     Upon information and belief, Defendants have acted willfully and wantonly with the intent to injure dōTERRA.

74.     dōTERRA is being damaged by Defendants' wrongful actions in an amount that is not yet determined, but is not less than Defendants' profits and dōTERRA's lost profits. dōTERRA is entitled to punitive damages in an amount sufficient to punish Defendants for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

75.     dōTERRA is entitled to recover its attorney's fees and costs pursuant to UCA 13-5a-103.

## COUNT VI

## UNJUST ENRICHMENT

76.     dōTERRA  realleges and incorporates by reference paragraphs 1 through 76 of this Complaint, as if fully set forth herein.

77.     Defendants have benefited from the improper, unfair and unauthorized use of dōTERRA's exclusive trademark rights and goodwill thereto.

78.     Defendants have knowledge and appreciate the benefits they have received from dōTERRA as a result of such actions.

79.     Defendants would be unjustly enriched if they were permitted to retain the proceeds from such actions.

80.     Equity and conscience require that Defendants be required to account for and turn over to dōTERRA an amount equal to the value of the benefits conferred upon it.

## COUNT VI

### FEDERAL UNFAIR COMPETITION—CYBERPIRACY VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(d) (JOHN DOES)

81.     dōTERRA  realleges and incorporates by reference paragraphs 1 through 80 of this Complaint, as if fully set forth herein.

82.     15 U.S.C. § 1125(d), provides in pertinent part that "[a] person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if without regard to the good or services of the parties, that person – (i) has a bad faith intent to profit from that mark. . . ; and (ii) registers, traffics in, or uses a domain name that – (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark. . . ."

83.     The acts of John Does in marketing, promoting, and providing essential oils using the terravioils.com domain name and trade mark constitutes:

a)      a bad faith intent to profit from dōTERRA's mark; and

16

b)      an intent to divert consumers away from dōTERRA;

that caused and is continuing to cause confusion and mistake and to deceive as to the affiliation of John Does' business and goods as being affiliated with dōTERRA and to cause confusion and mistake and to deceive consumers into believing that dōTERRA sponsors or approves of the goods that John Does provide in violation of 15 U.S.C. § 1125(d).

84.     The acts of John Does complained of herein constitute cybersquatting under 15 U.S.C. §1125(d).

85.     As a direct and proximate result of John Does' unfair competition, dōTERRA has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

86.      John Does' on-going acts of infringement in violation of 15 U.S.C. § 1125(d) are malicious, fraudulent, willful, and deliberate.

87.     dōTERRA has no adequate remedy at law because consumers have mistakenly believed and will continue to mistakenly believe that John Does' terravioils.com website is affiliated, associated, or otherwise sponsored by dōTERRA, which will result in harm to dōTERRA's identity, reputation, and goodwill, such that damages alone cannot fully compensate dōTERRA for John Does' misconduct.

88.     Unless enjoined by the Court, John Does will continue to compete unfairly with dōTERRA. The resulting irreparable injury to dōTERRA's business identities, goodwill, and reputation requires injunctive relief to prevent John Does' continued unfair competition, and to ameliorate and mitigate dōTERRA's injuries.

17

89.     As a result of John Does' cybersquatting, John Does owe damages, restitution, and disgorgement of profits, in an amount unknown at this time to dōTERRA, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from John Does.

## PRAYER FOR RELIEF

**WHEREFORE,** dōTERRA respectfully prays for the following relief against Defendants:

The entry of a preliminary and permanent injunction enjoining Defendants, its officers, directors, shareholders, agents, servants, employees, and those persons or entities in active concert or participation with them:

1.     From infringing any of dōTERRA's rights in the DŌTERRA mark;

2.     From using the DŌTERRA mark or any trademark, service mark, logo or trade name, including TERRAVI OILS, that is confusingly similar for essential oils and related goods, and including all advertising, the Internet, search engines, web sites, and all media;

3.     From passing off any of the products or services they offer, as those of dōTERRA's;

4.     From causing confusion as to the origin, source or approval of the goods utilizing the Infringing Marks and from making a false representation as to affiliation, connection association with, or certification by another, of the goods utilizing the DŌTERRA mark.

5.     To refrain from unfair competition either under federal law or §13-5a-103.

6.     From causing a likelihood of confusion or misunderstanding as to the source, sponsorship or affiliation of the businesses, products or services they offer by using identical or similar marks.

7.     Requiring John Does to transfer ownership of the domain www.terravioils.com to dōTERRA.

8.     Requiring Defendants to file with the Court and to serve upon dōTERRA's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order; and

B.     Entry of an Order:

1.     Awarding to dōTERRA all damages caused by Defendants;

2.     Requiring Defendants to provide an accounting of all revenues and profits gained while engaging in acts complained of in this Complaint;

3.     Awarding dōTERRA all of Defendants' profits derived from its use of the Infringing Marks in the course of business;

4.     Awarding dōTERRA costs and expenses, including reasonable attorneys' fees, incurred by dōTERRA in connection with this action as provided for by statute or by law including, but not limited to 15 U.S.C. §1117 and Utah Code Annotated §13-11A-4(2)(c);

5.     Deactivating and transferring the website www.terravioils.com to dōTERRA;

19

6.      Awarding dōTERRA treble damages in accordance with 35 of the Lanham
        Act (15 U.S.C. §1117) on any claim asserted under 43(a) of the Lanham
        Act;

7.      Awarding dōTERRA damages to which it is entitled based upon
        Defendants' unjust enrichment, both under federal law and state law as
        claimed herein including Utah Code Ann. §§ 13-5-14, 13-11-19, and 13-
        11a-4.

8.      At dōTERRA's election at any time prior to judgment in this matter,
        award to dōTERRA's instead of actual damages for cybersquatting,
        statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000
        per infringing domain name;

9.      Awarding dōTERRA prejudgment interest at a rate established under 26
        U.S.C. §6621(a)(2) from the date of service of this Complaint through the
        date of judgment;

10.     Order Defendants to conduct corrective advertising sufficient to inform
        the consuming public that there is no connection between Plaintiffs and
        dōTERRA; and,

11.     Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, dōTERRA hereby demands a trial by jury in this action for all issues that are triable to a jury.

DATED this <u>15th</u>  day of June, 2017.

 /s/ H. Dickson Burton
H. Dickson Burton
Krista Weber Powell
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT  84110
Telephone:  (801) 532-1922

Attorneys for dōTERRA Holdings, LLC

<u>**EXHIBITS TO COMPLAINT**</u>

Exhibit 1:     U.S. Trademark Registration 3,641,123

Exhibit 2:     Screen Shot of Defendants' Sale of Keychain Carrier Bags

Exhibit 3:     Cease and Desist Letter dated April 17, 2017